**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:10CV174-RLV-DSC**

| | |
|---|---|
| TAILORED CHEMICAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| TOWN OF LONG VIEW, et al., ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on "Plaintiff's Motion for Leave to File A Supplemental Pleading," Doc. 17, filed January 13, 2012 and the parties' associated briefs and exhibits, Docs. 18, 19, and 20.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court <u>denies</u> Plaintiff's Motion, as discussed below.

I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On November 3, 2010, Plaintiff initiated this action by filing a Complaint in Catawba County Superior Court. Plaintiff's Complaint sought a temporary restraining order and preliminary injunction requiring Defendants to restore Plaintiff's access to Defendant Town of Long View's sewer system. Plaintiff was granted a temporary restraining order ("TRO") by Judge Steven Balog in Catawba County Superior Court which was set to expire on November 15, 2010. The TRO required Defendants to restore Plaintiff's access to the Town's sewer system.

On November 11, 2010, Defendants filed a timely Notice of Removal to this Court based

upon the alleged violations of equal protection and substantive due process under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On November 15, 2010, the TRO expired and Defendants capped Plaintiff's access to the Town's sewer system. Plaintiff filed a motion for preliminary injunction to restore Plaintiff's access to Defendant Town's sewer system. Judge Richard L. Voorhees, the District Judge assigned to this case, held a hearing on the preliminary injunction on January 13, 2011. Judge Voorhees granted Plaintiff's motion for preliminary injunction and Plaintiff's access to the sewer system was restored. Discovery commenced in the case. Pursuant to the terms of the Pretrial and Case Management Order, Doc. 14, discovery concluded on August 1, 2011. Trial is scheduled for March 5, 2012.

On January 13, 2012, Plaintiff filed the instant Motion. Plaintiff seeks to file supplemental pleadings raising matters involving: (1) a zoning permit allegedly issued to Plaintiff by Defendant Town of Long View on or about December 7, 2010, and (2) a change in traffic pattern and "No Thru Trucks" proposal which was discussed in and around May and June 2010 and passed by the Long View Town Council in February 2011. Doc. 17 at 2-3. Plaintiff argues that these two matters present further evidence of Defendants' arbitrary and capricious actions towards Plaintiff and are inextricably intertwined with the allegations pled in their Complaint. Plaintiff contends that Defendants will not be prejudiced and that supplemental pleadings will allow all issues to be resolved in the instant case. Additionally Plaintiff contends that any additional discovery could be accomplished in no more than two to three months. Defendants argue that Plaintiff's Motion is untimely since it was filed more than five months after the discovery period ended and just one and a half months prior to trial. The parties' trial briefs, proposed jury instructions and voir dire are due on February 27, 2012. Defendants argue that there is not enough time to adequately investigate these new allegations and conduct discovery prior to trial. Moreover, they argue that

Plaintiff has not explained its delay in filing the supplemental pleadings which involve facts that came to Plaintiff's attention in 2010.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(d) provides in relevant part that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court applies the same standard to a motion brought under Rule 15(d), as to a motion brought under Rule 15(a). See Franks v. Ross, 313 F.3d 184, 198 & n. 15 (4th Cir. 2002); Estate of Williams–Moore v. Alliance One Receivables Mgmt., Inc., 335 F.Supp.2d 636, 644 (M.D.N.C.2004) The Fourth Circuit has stated that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." U.S. v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Further, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999).

Applying these legal principles to the record in this case, the Court finds that the supplemental pleadings should not be allowed. The Court finds that the supplemental pleadings are untimely and would unduly prejudice Defendants so close to the trial date. Therefore, the Court will deny Plaintiff's Motion to File Supplemental Pleadings.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED**

1. "Plaintiff's Motion for Leave to File A Supplemental Pleading," Doc. 17, is **DENIED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: February 13, 2012

David S. Cayer
United States Magistrate Judge