IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:10-CV-00174-RLV-DSC

| | |
|---|---|
| TAILORED CHEMICAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TOWN OF LONG VIEW, JOHN ) | |
| McDARIS, individually and in his official ) | |
| capacity, RANDALL M. MAYS, ) | |
| individually and in his official capacity, ) | |
| JACKIE BOWMAN, individually and in ) | |
| his official capacity, KEN BUMGARNER, ) | |
| individually and in his official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants' Motion in Limine, filed May 7, 2012. (Doc. 37.) This Order commits to writing the Court's Oral Order of May 8, 2012.

Defendants first request that Plaintiff be prohibited from disclosing to the jury any information related to "evidence regarding the issuance of a preliminary injunction or anything related to the filing, hearing or decision related to the preliminary injunction." (Doc. 37 at 1.) The findings of fact and conclusions of law a court makes from a preliminary injunction hearing are not binding on the finder of fact at trial, *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981), and evidence presented during a preliminary injunction hearing may be presented again at trial so long as the evidence is relevant and otherwise conforms with the rules of evidence, *cf.* Fed. R. Civ. P. 65(a)(2) (contemplating the admission at trial of evidence originally presented at a preliminary injunction hearing). However, the Court recognizes a potential for confusion exists where the Court's issuance of the preliminary injunction is itself discussed before the jury. While

1

the Court finds that such information pertaining to a court's granting of a preliminary injunction is not unduly prejudicial, Federal Rule of Evidence 105 provides for courts to make a limiting instruction to the jury when evidence is admissible for one purpose but is inadmissible for another. Indeed, authority cited by Defendants confirms the use of a limiting instruction as proper when a jury hears information pertaining to a court's earlier granting of a preliminary injunction. (Doc. 38 at 2) (citing *Tamko Roofing Prods., Inc. v. Ideal Roofing Co.*, 282 F.3d 23, 39–40 (1st Cir. 2002)). Thus, the Court believes that a limiting instruction whenever necessary will address Defendants' concern. Such an instruction can inform the jury that the Court's preliminary injunction is not binding on the jury.

Second, as regards evidence of Defendants' conduct post-July 12, 2010, such evidence may be relevant to Plaintiff's claims and shall not be summarily excluded at this time. Likewise, evidence regarding other lawsuits, matters involving Town employees or former employees, or discussions that took place during closed sessions of the Board of Aldermen shall be addressed at the time such evidence is offered, at which point counsel shall clearly enunciate the purpose for which the evidence is offered.

Third, the matter of punitive damages is moot as Plaintiff has made no such claim.

Finally, evidence regarding pre-suit negotiations, proposed agreements to compromise, or the mediation process or other settlement discussions is inadmissible either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction. Fed. R. Evid. 408 (establishing exceptions when such evidence is offered for another purpose). Furthermore, evidence regarding the purchase of liability insurance is inadmissible to prove whether Defendants acted negligently or otherwise wrongfully, Fed. R. Evid. 411 (establishing exceptions when evidence of insurance status is offered for another

2

purpose), and evidence of Defendant Town's ability to pay a judgment is typically irrelevant with respect to a determination of compensatory damages, *see, e.g.*, *Vasbinder v. Ambach*, 926 F.2d 1333, 1344 (2d Cir. 1991) ("Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case."); *Lutz Indus. v. Dixie Home Stores*, 88 S.E.2d 333, 342 (N.C. 1955) ("Evidence of a defendant's wealth is ordinarily inadmissible in all cases where compensatory damages alone are recoverable.").

Signed: May 9, 2012

Richard L. Voorhees
United States District Judge