IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:10-cv-00174

FILED In Court
Statesville, NC

MAY 15 2012

US District Court
Western District of NC

| | |
|---|---|
| TAILORED CHEMICAL, INC., ) | |
| Plaintiff, ) | |
| v. ) | |
| TOWN OF LONG VIEW, ) | CONSENT JUDGMENT |
| JOHN MCDARIS, individually and ) | |
| in his official capacity, ) | |
| RANDALL M. MAYS, individually ) | |
| and in his official capacity, ) | |
| JACKIE BOWMAN, individually and ) | |
| KEN BUMGARNER, individually ) | |
| and in his official capacity, ) | |
| Defendants. | |

THIS CAUSE coming on for trial before the Honorable Richard Vorhees, Western District Judge presiding, and a jury; the Plaintiff is represented by Forrest A. Ferrell and Jason White of Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A. and the Defendants are represented by Patrick H. Flanagan and Meagan I. Kiser of Cranfill, Sumner & Hartzog, LLP; and it appearing to the Court:

1. That the defendants caused Plaintiff's connection to The Town of Long View's sewer line to be disconnected on July 12, 2010; that subsequently Plaintiff filed the underlying action in the Superior Court of Catawba County on November 3, 2010 seeking, *inter alia*, a permanent injunction and writ of mandamus requiring that Plaintiffs access to the sanitary sewer connection be restored and for the recovery of monetary damages proximately resulting from having been disconnected from the wastewater collection system.

2. The Catawba County Superior Court entered a Temporary Restraining Order requiring the Defendants to reconnect Plaintiff's access to the sewer line. Subsequently this action was removed to this Court. The Temporary Restraining Order expired by its terms and the Defendants disconnected Plaintiff's access to the sewer collection system. This Court entered a preliminary injunction requiring access to the sewer collection system to be reopened on January 13, 2011.

3. The Parties have agreed to resolve the issues currently before the Court only as to those issues between them pertaining to actions taken by the Defendants regarding Plaintiff's access to the Town of Long View's sewer collection system up to January 14, 2010. This Consent Judgment does not resolve nor constitute a waiver of any actions of the Defendants which occurred after January 14, 2011 and which do not directly pertain to Plaintiff's access to Long View's sewer collection system. Further this Consent Judgment does not resolve nor constitute a waiver of any acts or omissions of the Defendants relating to the Plaintiff which occurred after January 14, 2011.

4. Plaintiff owns real property and operates a manufacturing facility in the Defendant Town of Long View. The Plaintiff manufactures adhesive products and its access to the sewer collection system is critical to its business.

5. Plaintiff's access to Long View's sewer collection system has previously been disconnected without its wastewater discharge first having been tested to determine whether the same is in violation of any Town of Long View ordinance or any ordinance of the City of Hickory and without providing reasonable notice to the Plaintiff prior to said disconnection.

6. The individual Defendants at the time in question were members of the Board of Aldermen of the Town of Long View.

BY CONSENT of the Parties, IT IS ORDERED AND ADJUDGED:

1. The Defendants shall hereby be and are permanently enjoined from disconnecting, blocking or otherwise interfering with the access of Plaintiff's property to its sewer collection system for the purpose of discharging wastewater without first 1) providing reasonable notice to the Plaintiff of its intention to do so and 2) without testing and verifying by means of scientific analysis that Plaintiff's discharge of wastewater is in violation of the ordinances of the Town of Long View or the City of Hickory.

2. In addition to the foregoing, the Plaintiff has agreed to execute a Limited Release, the terms of which are incorporated into this judgment by reference and the consideration for which is $200,000 to be paid to the Plaintiff on behalf of the Defendants.

3. David Epley, Town Administrator of the Defendant Town of Long View, shall execute and deliver to Plaintiff a letter of apology on behalf of the Town of Long View and its Board of Aldermen, the terms of which have previously been approved.

4. The letter of apology referenced above shall not be confidential, nor shall the terms of this Consent Judgment.

5. The parties agree that the apology letter shall not be admissible in any fashion or for any reason in any subsequent litigation, if any, between the parties.

This the 15th day of May, 2012.

Honorable Richard Vorhees
Western District Court Judge

CONSENT:

DEFENDANTS

_____
Town of Long View
By: David Epley
Its: Town Administrator



_____
Patrick H. Flanagan
Meagan I. Kiser
Attorneys for Defendants

PLAINTIFF
_____
Tailored Chemical Products, Inc.
By: Jack Temple, III
Its: Vice President

_____
Forrest A. Ferrell
Jason White
Attorneys for Plaintiff